UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES HOOK, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:20-cv-01067 PLC |
| TERI VANDERGRIFF,[1] | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Charles Hook's petition for writ of habeas corpus under 28 U.S.C. § 2241. [ECF No. 1] Petitioner is a prisoner in the State of Missouri's custody and is seeking release due to COVID-19 and other conditions of his confinement. [ECF No. 1] Respondent Teri Vandergriff filed opposition to Petitioner's petition. [ECF No. 12] Petitioner filed a reply supporting his petition. [ECF No. 15] For the following reasons, the Court denies and dismisses the petition.

**I.      Background**

The St. Louis County Circuit Court convicted Petitioner of one count of enticement of a child, three counts of second-degree statutory sodomy, and one count of sexual misconduct involving a child after a plea of guilty. [ECF No. 12-1, 12-2] In January 2014, the court sentenced Petitioner to a total of 15 years' imprisonment. [ECF No. 12-1]  Petitioner is currently incarcerated by the State of Missouri at the Farmington Correctional Center. [ECF No. 1]

---

[1] The Court substitutes as the Respondent Teri Vandergriff, the Warden of the Farmington Correctional Center where Petitioner is presently incarcerated, in lieu of the person who was the Warden of the Missouri correctional institution having custody of Petitioner when he filed this habeas proceeding.  See Federal Rule of Civil Procedure 25(d); Rule 2(a) of the Rules Governing Section 2254 cases in the United States District Court.

On August 13, 2020, Petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [ECF No. 1] Petitioner seeks "release from custody to home confinement" asserting that he is being confined under "inhuman conditions" in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. [ECF Nos. 1, 1-4] Specifically, Plaintiff contends that the facility is a "hot bed of COVID-19 infection[,]" and the facility's "rampant insect infestation," interference with his communications with his attorney, and "censorship regarding COVID-19 affects and conditions" violate the Eighth Amendment. [ECF Nos. 1, 1-4] Plaintiff states he is not seeking damages or "an interim remedy to unconstitutional conditions" because "placement out of the correctional setting" is the "only" relief sufficient "to keep him safe and satisfy the Eight Amendment[.]" [ECF Nos. 1, 1-4] Petitioner seeks relief through a habeas action contending he is challenging "the duration of his confinement, an issue which is at the core of habeas corpus" because he is requesting immediate release from prison. [ECF No. 1-4] Petitioner requests the Court waive the requirement that he exhaust his state remedies because Petitioner has no clear right to mandamus and state post-conviction remedies are not available due to "[d]elays imposed by the global pandemic." [ECF No. 1-4] Petitioner further contends that, even if there is a state corrective process that could adequately protect his rights, the Court should grant him relief because his continued incarceration "is tantamount to a death sentence" and would result in "a fundamental miscarriage of justice[.]" [ECF No. 1-4]

Respondent opposes the petition asserting Petitioner's claims are not cognizable in a federal habeas proceeding because a prisoner must challenge the conditions of his confinement in a civil rights action under 42 U.S.C. §1983. [ECF No. 12] Respondent contends that even if

Petitioner's claims are cognizable, Petitioner has failed to exhaust his state remedies and his claims are meritless. [ECF No. 12]

## II. Discussion

As an initial matter, although Petitioner filed his petition under 28 U.S.C. §2241, he can only obtain habeas relief through 28 U.S.C. §2254, regardless of how his pleadings are styled, because he is in custody pursuant to the judgment of a state court. Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001); Williams v. Glass, No. 4:20-cv-1451 SRC, 2021 WL 1020317 (E.D. Mo. Mar. 17, 2021). As such, the Court will consider Petitioner's claims under §2254. A prisoner in custody under the judgment and sentence of a state court may only seek habeas relief on the ground that his custody violates the United States Constitution, laws, or treaties. 28 U.S.C. §2254(a); see also 28 U.S.C. §§ 2241(c)(3), 2241(d).

Here, Petitioner seeks a writ of habeas corpus releasing him from custody due to the conditions of his confinement, specifically the pandemic, an insect infestation, and the facility's alleged interference with attorney communications and "censorship regarding COVID-19 affects and conditions[.]"  [ECF No. 1] Respondent asserts Petitioner's claims are not cognizable in a federal habeas proceeding and that he must challenge the conditions of his confinement in a civil rights action under 42 U.S.C. §1983.

While Petitioner acknowledges that a prisoner's challenge to the conditions of his confinement are "generally actionable under a civil rights lawsuit," he contends "they may also give rise to a habeas claim '[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody.'" [ECF No. 1-4] Petitioner asserts that in Preiser v. Rodriquez, 411 U.S. 475, 499 (1973), "[t]he Supreme Court…recognized that in limited

circumstances Writs of Habeas Corpus may be used to challenge conditions of confinement that violate the Eighth Amendment." [ECF No. 1-4]

The Eighth Circuit, however, has rejected Petitioner's argument. In Spencer v. Haynes, 774 F.3d 467, 470-71 (8th Cir. 2014), the Eighth Circuit recognized that Preiser left open "the question of the propriety of the using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement," but held that it was bound by the circuit's post-Preiser precedent holding that a habeas petition is not the proper method for a prisoner to challenge the conditions of his confinement. This Court is bound by Eighth Circuit precedent and Petitioner provides no Eighth Circuit authority suggesting his claims are cognizable under §2254.  See Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003) (district court is bound to apply the Eighth Circuit's precedent). Furthermore, the Eastern District has repeatedly held that a prisoner's claim challenging the conditions of his confinement, including those related to health risks posed by COVID-19, is not cognizable in a habeas corpus proceeding and must be raised in civil rights action under 42 U.S.C. §1983. See Bolden v. Jennings, No. 4:19-CV-126 RLW, 2021 WL 533769, at *1 (E.D. Mo. Feb. 12, 2021) (holding the petitioner's request for release from custody due to COVID-19 should be brought under §1983 not §2254); Davis v. Missouri, No. 1:22-cv-00067 NCC, 2022 WL 1684612, at *3 (E.D. Mo. May 26, 2022) (challenges to the conditions of confinement, including allegations related to religious rights, verbal threats, and medical treatment as it pertains to COVID-19, must be brought under 42 U.S.C. §1983, not under a petition for writ of habeas corpus); Williams, 2021 WL 1020317, at * 5 (prisoner who believes his health and safety are at risk due to conditions caused by the COVID-19 pandemic should file a lawsuit pursuant to 42 U.S.C. § 1983).

Petitioner's contention that his claims are "at the core of habeas corpus" because he is "challenging the duration of his confinement" by seeking immediate release from prison is unavailing. Petitioner errs by focusing solely on the relief he is requesting as opposed to the content of his claims. See Pinson v. Carvajal, 2023 WL 3876485, at *11 (9th Cir. 2023) ("The question of whether a claim goes to the core of habeas does not turn…solely on whether the prisoner requested release as opposed to some other form of relief.") A petition for a writ of habeas corpus is an attack by a prisoner upon the legality of his custody. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996)  Historically, habeas corpus was "used to challenge the authority of the sovereign to detain the prisoner [in that] [i]t 'was a mechanism for asking why the liberty of a subject is restrained.'" Pinson, 2023 WL 3876485, at *8, quoting Edwards v. Vannoy, 141 S. Ct. 1547, 1567 (2021) (Justice Gorsuch, concurring). "Release is the only available remedy-and thus a claim is at the core of habeas-if a successful petition demonstrates that the *detention itself* is without legal authorization." Id. at *9 (emphasis in original).  "By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus." Id. at *10.

Despite his request for release, Petitioner's claims are not at the core of habeas corpus. Petitioner does not argue that his detention is without legal authorization[2] or success on his claims would invalidate his confinement. See Williams, 2021 WL 1020317, at * 5 (allegations of health risks associated with COVID-19 "simply do not constitute allegations that he is being held illegally by the State of Missouri").

Furthermore, Petitioner's contention that release is the only remedy that would cure the alleged Eighth Amendment violations is not well-founded. Petitioner alleges that he has

---

[2] On the pre-printed form petition for writ of habeas corpus, Petitioner checked the box stating he was not "challenging the validity of [his] conviction or sentence as imposed." [ECF No. 1]

observed: (1) "an absence of recommended preventative protocol, testing and screening" including the facility's failure to adhere "to CDC guidelines[,]" (2) "rampant insect infestation within [Petitioner's] area" because, while the staff areas are treated, there is "no control of insect infestation within the inmate section[,]" and (3) interference with attorney/client communications, including censoring emails and preventing visitation. [ECF Nos. 1 & 1-4] Petitioner's allegations demonstrate that relief short of release could adequately remedy the alleged constitutional violations, namely: adherence to CDC recommended preventative protocols, increased insect control measures, and cessation of interference with his attorney/client communications. Petitioner fails to provide a compelling argument how relief short of release is inadequate. Pinson, 2023 WL 3876485, at *12 (petitioner failed to demonstrate the illegality of his detention or the necessity of release because the logical inference from the petition is that if the prison "had followed the protocols and directives from the relevant federal agencies [regarding COVID-19 prevention], the unsafe conditions of confinement would be remedied.")

When a petition for a writ of habeas corpus does not challenge the validity of the petitioner's sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ, and generally the case should be dismissed.[3] Kruger, 77 F.3d at 1073; see also Pettersen v. Clarke, 82 F.3d 421, 1996 WL 183097, at *1 (8th Cir. 1996) (unpublished opinion) (affirming district court's dismissal without prejudice of a habeas

---

[3] *Pro se* petitions must be liberally construed and the petitioner offered an opportunity to convert his petition into a §1983 complaint. Spencer, 774 F.3d at 471. Here, Petitioner is represented by counsel and he has not requested that the Court review his claims under 42 U.S.C. §1983.

petition because it did not challenge prisoner's conviction or sentence). Accordingly, the Court denies and dismisses Petitioner's petition for writ of habeas corpus [ECF No. 1].[4]

### III.    Certificate of appealability

A final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court cannot be appealed unless the judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1).  A judge may issue a COA under Section 2253(c) only if a petitioner has made "a substantial showing of the denial of a constitutional right."  Tennard v. Dretke, 542 U.S. 274, 282 (2004); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  This standard requires a petitioner to demonstrate, with respect to claims resolved on the merits, that "reasonable jurists would find the ... court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); accord Miller-El, 537 U.S. at 338 (quoting Slack, 529 U.S. at 484).

The Court concludes that Petitioner has not made a substantial showing of the denial of any constitutional right. Accordingly, the Court will not issue a certificate of appealability with respect to any aspect of the denial of Petitioner's petition.

### IV.    Conclusion

After careful consideration,

**IT IS HEREBY ORDERED** that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED and DISMISSED without prejudice**.

**IT IS FINALLY ORDERED** that any motion by Petitioner for a certificate of appealability will be **DENIED.**

---

[4] In light of the Court's finding that Petitioner's claims are not cognizable under §2254, the Court does not address Respondent's argument that Petitioner failed to exhaust his state court remedies. See 28 U.S.C. §2254(b)(1)(A) (a petitioner must exhaust his state court remedies before a federal habeas court may grant relief on the merits of a petition for writ of habeas corpus).

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                                                                              */s/ Patricia L. Cohen*
                                                                                               PATRICIA L. COHEN
                                                                                               UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of June, 2023